IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES W. GOODE,             :
                                     :
       Plaintiff,           :
                                     :
       v.                :      CIVIL ACTION NO.
                                     :      1:11-CV-1337-WSD-CCH
WINGS OF ALPHARETTA, INC.,   :
                                     :
       Defendant.      :

**O R D E R**

The above-captioned action is before the Court on Former Defendant Vipul Patel's Motion for Rule 11 Sanctions [52], Plaintiff's "Motion for Leave to File a Motion in Reply to Defendant Patels [sic] Supplement Rule 11 Motion" [60], Plaintiff's counsel Paul Sharman's Motion to Withdraw as Counsel for Plaintiff Charles W. Goode [64], Plaintiff's Motion for a Stay of Deposition [66], Plaintiff's Motion to Strike Certain Defense Answers [67], and Plaintiff's "Motion for Leave to File a Motion in Reply to Defendant Patels [sic] Supplemental Rule 11 Motion" [80].

1.    *Motion for Rule 11 Sanctions*

On September 19, 2011, Former Defendant Vipul Patel filed a Motion for Sanctions [52], requesting that the Court sanction Plaintiff and his attorneys for failing

to withdraw Patel as a named Defendant in the Amended Complaint despite having

knowledge that there are no facts or allegations concerning Patel in the pleadings other

than the inclusion of Patel's name in the caption of the case.  Patel asserts that Plaintiff

had no factual or legal basis for bringing any of the claims in his Complaint against

Patel, and Patel indicates that he brought that fact to Plaintiff's attorney's attention in

a letter dated August 5, 2011.  For the reasons discussed below, **IT IS ORDERED**

that Patel's Motion for Rule 11 Sanctions [52] be **GRANTED**.

a.    Background

Patel states that after he filed a Motion to Dismiss [33] on August 3, 2011, his

counsel sent a letter to Plaintiff's counsel on August 5, 2011, pointing out the lack of

foundation for any of Plaintiff's claims against Patel, advising Plaintiff that Patel

intended to file a Motion for Rule 11 Sanctions if Plaintiff did not dismiss Patel as a

Defendant in this action within 21 days of the date of the letter, and serving him with

a copy of the instant Motion.[1]  *See* Letter, attached to Patel's Motion for Rule 11

---

[1] The time period between service of the motion on Plaintiff on August 5, 2011 and its filing with this Court on September 19, 2011 satisfies Rule 11(c)(2), which requires that "the motion . . . be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).

Sanctions [11].  Patel asserts several reasons why Plaintiff's claims against Patel should have been withdrawn: (1) Plaintiff cannot maintain a claim against an individual under Title VII; (2) Plaintiff has alleged no facts that constitute either direct or circumstantial evidence of intentional racial discrimination by Patel under 42 U.S.C. § 1981; (3) Plaintiff has not alleged sufficient facts to support a pay violation claim under the Fair Labor Standards Act ("FLSA") nor alleged that Patel committed any wrongdoing or could be held liable under the FLSA; and (4) Plaintiff has failed to assert any factual or legal contention that Patel committed any pay violations against Plaintiff under O.C.G.A. § 34-7-2, and furthermore, that Plaintiff's state law pay violation claim is preempted by the FLSA.

Plaintiff subsequently filed an untimely Response Brief [43] to Patel's Motion to Dismiss on August 24, 2011.  In his Response Brief, Plaintiff conceded the futility of his Title VII and § 1981 claims against Patel, though he stopped short of withdrawing those claims as requested in Patel's August 5, 2011 letter.  *See* Plaintiff's Response [43] at 4 ("Plaintiff concedes that Defendant is not liable under Title VII and at the present time Plaintiff lacks information which would cause Plaintiff to press claims against Defendant Patel under 1981.").  Plaintiff did not, however, withdraw

his FLSA or state law wage claims against Patel in that Response Brief, but instead unconvincingly contested the dismissal of those claims.

The Court issued a Report and Recommendation [50] addressing several outstanding motions, including Patel's Motion to Dismiss, on September 13, 2011. In its Report and Recommendation, this Court agreed with Patel's arguments contained in his Motion to Dismiss [33] that Plaintiff failed to state any claims against him. The undersigned recommended, and Judge Duffey subsequently ordered, *see* Opinion and Order of November 4, 2011 [61] (Duffey, J.), that all claims against Patel be dismissed on several different grounds. The undersigned (1) noted that Plaintiff conceded his Title VII and § 1981 claims against Patel and that therefore they should be dismissed; (2) found that Plaintiff had pleaded no more than conclusory allegations concerning any pay violation under the FLSA against any Defendant and had "failed to allege any facts which would substantiate his attempts to hold individual Defendant[] Patel . . . liable under the FLSA"; and (3) declined to exercise supplemental jurisdiction over Plaintiff's state law pay violation claims against any Defendants, recommending their dismissal. Notably, in discussing Plaintiff's wage claims, the undersigned observed that

4

> Plaintiff's pleadings never even refer to Defendants Patel or Doe(s), leaving this Court without any factual basis to permit an unpaid wages claim against those individuals to proceed.  Perhaps most tellingly, Plaintiff's pleadings make clear at the outset of his FLSA claim that for purposes of an unpaid wages claim, "Defendant"—singular—"is a Restaurant," *see* Am. Compl. at 12, undermining Plaintiff's subsequent effort to tack on claims against individual Defendants with unspecified relationships to that restaurant.

Report and Recommendation [50].  The undersigned further noted the various frivolous, contradictory, and incoherent arguments submitted by Plaintiff in defense of his pleadings.  *Id.*

In responding to Patel's Motion for Rule 11 Sanctions in a Response Brief [55] dated September 29, 2011, Plaintiff argues that he "has merely made allegations of wrongdoing based upon information and belief" and that he and his attorneys "have not submitted any pleadings without a reasonable inquiry into the facts and applicable law."  Plaintiff contends that Patel's claim that "Plaintiff has no factual or legal basis for his FLSA claim" "borders on the absurd."  Plaintiff asserts that the remaining arguments in Patel's Motion for Rule 11 Sanctions [52] "amount to nothing more than Defendant Patel's intentional misinterpretation of Plaintiff's claims," and Plaintiff insists that Patel's reasons for filing the Rule 11 Motion are "argument[s] that belong[] in a motion to dismiss or motion for summary judgment, not in a Rule 11 motion for

sanctions." Plaintiff, however, concedes that "[i]t is true that [he] could have been more specific in the complaint in clarifying which Defendants were named in the specific claims identified in the complaint." Finally, Plaintiff argues that Patel should be sanctioned under Rule 11 for filing the instant Motion for Rule 11 Sanctions [52].

After Patel filed a Reply Brief [57] on October 11, 2011, Plaintiff made three filings [58][59][60] on October 22, 2011 containing overlapping material, each of which is presented as a "Motion for Leave to File a Motion in Reply to Defendant Patels [sic] Supplemental Rule 11 Motion." Though once again demonstrating Plaintiff's counsel's complete lack of command of motion practice and the Federal Rules of Civil Procedure, the Court will interpret the three filings and the various exhibits contained therein as one motion for leave to file a surreply in further opposition to Patel's Motion for Rule 11 Sanctions. That construed motion for leave [60] nevertheless should be **DENIED**. Plaintiff has not offered any reason why the information contained in the later filings [58][59][60] could not have been submitted with his initial Response [55] to the Motion for Rule 11 Sanctions. Nor did Patel raise for the first time in his reply brief any arguments not already before the Court which would require any additional response. Rather, Plaintiff's purported surreply consists almost entirely of his attorney's interpretation of this Court's Report and

6

Recommendation, along with numerous exhibits which all reflect that they were prepared, dated, and signed sometime during or before August 2011, well before Plaintiff filed his initial Response Brief [55] on September 27, 2011. This Court has been offered no basis for permitting Plaintiff to file additional material not included in his initial Response Brief, and therefore, Plaintiff will not be given leave to file the materials contained in Docket Nos. 58, 59, and 60, and those filings may not be considered by the Court in deciding on Patel's Motion for Rule 11 Sanctions.[2]

_____

[2] The Court notes that Plaintiff, in his purported surreply, questions why the Court did not consider the documents contained in Docket No. 49 in issuing its Report and Recommendation [50]. That filing, filed the same day as this Court's Report and Recommendation, was styled as a "Motion for Leave to File an Amended Complaint" and was subsequently withdrawn [51] by Plaintiff on September 17, 2011. *See* Dismissal of Motion for Leave to Amend the Complaint [51] ("Plaintiff's withdrawal is for the purpose of further amendment in light of the Courts [sic] Non-final report and recommendations on motions to dismiss filed September 13, 2011"). Plaintiff has not requested leave to amend his pleadings since that time, nor has Plaintiff amended his pleadings in this action since his Amended Complaint was filed on May 18, 2011. Because they were withdrawn, the documents in Docket No. 49 are not before the Court, and because Plaintiff's Motion for Leave [49] was not ripe for decision the very day it was filed, the Court properly did not address the documents contained therein when issuing its Report and Recommendation [50] the same day. Thus, Plaintiff's contentions are once again without any merit.

b.      Applicable Law

Federal Rule of Civil Procedure 11(c) allows the Court to impose a sanction, after notice and a reasonable opportunity to respond, "on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 sanctions are warranted when a party files an action that: (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal

theory used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed in bad faith for an improper purpose. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 n.88 (11th Cir. 1991). In determining whether to impose sanctions, the court must determine "whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'" *Anderson*, 353 F.3d at 915 (citing *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)). Factors to be considered include the time available for investigation, whether the attorney had to rely on information from a client, and the general plausibility of legal arguments. *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997).

The notes of the advisory committee upon the 1983 revision of the rule state that "the court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee's note.

The rule was again amended in 1993, however, and at that time, the advisory committee further explained that Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Id.*

      c.    Analysis

In this case, Plaintiff initially filed the Complaint against entities and individuals whom he thought were the correct parties and then later filed an Amended Complaint naming a different entity and several new individuals. The Amended Complaint includes Patel's name in the caption, but the pleadings themselves remain the same as those in the original Complaint. In neither document does Plaintiff make any factual allegations directly or indirectly involving Patel.

Plaintiff was put on notice of this fact both by Patel's Motion to Dismiss, filed August 3, 2011, and by Patel's letter and service of the instant Motion, on August 5, 2011. Plaintiff states in his Response Brief [43] "that he never intended to seek to hold Plaintiff liable under Title VII, nor for the present is Plaintiff aware of any information which would cause him to seek to hold Defendant liable under 1981." This admission directly contradicts Plaintiff's later claim, offered in responding to the

instant Motion, that "Plaintiff and his counsel have not submitted any pleadings without a reasonable inquiry into the facts and applicable law."  Because Plaintiff brought Title VII and § 1981 claims against Patel on which he never intended to prevail, this Court finds that those claims were brought for an improper purpose on unjustifiable grounds.  And since Plaintiff failed to voluntarily dismiss those claims after notice by Patel, Plaintiff and his counsel should be sanctioned "for insisting upon a position after it is no longer tenable."  *See* Fed. R. Civ. P. 11 advisory committee's note.

In addition, Plaintiff's misguided argument, offered in his Response [43] to Patel's Motion to Dismiss, that the Court must convert Patel's Motion to Dismiss into one for summary judgment and thereafter consider the additional affidavit (which specifically references Patel) furnished with his Response Brief, was rejected by this Court in its Report and Recommendation when it recommended that Plaintiff's claims against Patel be dismissed for failing to state a claim on which relief can be granted. This affidavit, along with additional other affidavits Plaintiff attempted to offer in support of his FLSA and related state law wage claims in Docket Nos. 58, 59, and 60, do nothing to correct Plaintiff's deficient pleadings and cannot be considered by the Court.  Plaintiff's FLSA and state law wage claims were brought without any

supporting facts showing that a specific violation occurred, and more importantly, Plaintiff's FLSA and state wage law claims were pled against Patel without any legal or factual ground for holding Patel liable. Further, though the Court dismissed Plaintiff's FLSA and related state law wage claims against Patel without prejudice, Plaintiff has not since attempted to cure the defects in his pleadings, and therefore, Plaintiff has no leg on which to stand in arguing that the suggestion that his FLSA and state law wage claims are legally and factually insufficient "borders on the absurd." Because his claims against Patel were entirely untenable, Plaintiff and his counsel should be sanctioned under Rule 11 for bringing them against Patel and refusing, after notice, to withdraw them.

Accordingly, the Court **ORDERS** that former Defendant Patel's Motion for Rule 11 Sanctions [52] be **GRANTED**. Having granted that Motion, **IT IS FURTHER ORDERED** that Plaintiff and his counsel be sanctioned under Rule 11 for naming Patel as a Defendant in this case without any reasonable basis for holding Patel liable under any of his claims. Plaintiff and his attorneys shall be jointly and severally liable for Patel's attorneys' fees and costs associated with responding to and defending against Plaintiff's Amended Complaint. Should Patel seek to recover such reasonable fees and costs, **IT IS ORDERED** that he must submit a properly supported

motion for attorneys' fees and costs within 21 days of the date of this Order.  Plaintiff

will then have 14 days in which to respond, and Patel may then have 14 days to file

a reply brief.

2.      *Motion to Withdraw as Counsel*

The Court next addresses the Motion to Withdraw as Counsel [64] filed by Paul

Sharman.  Katrenia Goode, counsel for Plaintiff, previously attempted to file a notice

of withdrawal of Paul Sharman as an attorney of record for Plaintiff, but the Court

denied that notice, construed as a motion, on the ground that Ms. Goode's notice was

deficient under Local Rule 83.1E.  *See* Order [56] of September 28, 2011.

Pursuant to Local Rule 83.1E, an attorney wishing to withdraw as counsel of

record in a civil case must give the client fourteen days' prior notice before filing a

motion to withdraw and must attach the notice to the motion to withdraw. *See* LR

83.1E(2), NDGa.  In lieu of filing a motion to withdraw, an attorney may instead

choose to file a Certificate of Consent that has been signed by the client, the

withdrawing attorney, and the substituting attorney, if one has been chosen. *See* LR

83.1E(2), NDGa.  In this case, Mr. Sharman, counsel for Plaintiff, has not filed a

Certificate of Consent nor has he attached the proper notice to the Motion to

Withdraw. Nevertheless, Plaintiff is also by represented by other counsel, and no party has filed any response or objection to the Motion to Withdraw. Thus, it appears that the withdrawal will not prejudice either party or delay this action.

Accordingly, Mr. Sharman's Motion to Withdraw [64] is **GRANTED** as unopposed. The Clerk is **DIRECTED** to update the docket to reflect that Paul Sharman is no longer counsel of record for Plaintiff in this action.

3.   *Motion for a Stay of Deposition*

The Court next turns to Plaintiff's Motion for a Stay of Deposition [66]. On November 22, 2011, Plaintiff filed the Motion [66] requesting that the Court stay the deposition of Plaintiff Charles Goode scheduled by Defendant Wings of Alpharetta, Inc. to be taken on December 6, 2011. Plaintiff argues that the Notice of Deposition [63] is defective because (1) it fails to specify a method of recordation; (2) its proposed scope exceeds that permitted under the Federal Rules of Civil Procedure; and (3) it was filed without leave of court and before initial disclosures had been made and a Rule 26(f) conference had been held. Plaintiff specifically requests that the Court "stay the deposition pending the receipt of Defendants [sic] initial disclosures and completion of a Joint Preliminary report," "limit the scope of Defendants [sic]

14

deposition to one that is reasonable given the simplicity of the issues" and impose "additional restrictions," order "Defendants [sic] Counsel to produce written questions which will be read to Plaintiff Charles Goode by the party lawfully tasked with recordation of the Plaintiff's Deposition," order that "the deposition be conducted before an Officer appointed or designated under Rule 28," order that "depositions be restricted in duration to a time to be specified by the court in view of the simplicity of the issues now pending," and order that "depositions be conducted at the Offices of Plaintiff's Counsel or in a neutral forum of the Courts [sic] choosing."

Defendant responds that the Motion [66] is predicated upon matters which have already been resolved between the parties and should have been withdrawn. Defendant indicates that it has withdrawn its Notice of Deposition and has agreed to postpone the deposition until after an additional Rule 26(f) conference could be conducted over the telephone between counsel for the parties. Defendant also argues that Plaintiff has failed to cite any authority which would justify his request that the Court limit the scope of the deposition, and Defendant notes that Plaintiff has failed to specify what "additional restrictions" he would like the Court to place on the scope of the deposition. Defendant contends that Plaintiff's request that the Court order Defendant to "produce written questions which will be read to Plaintiff . . . by the

party lawfully tasked with recordation of the Plaintiff's Deposition" is not valid nor supported by any citation to authority.  Defendant states that it agrees to abide by Rule 30(d)(1) and will limit its deposition of Plaintiff to one day of 7 hour, and Defendant states that it takes no issue with deposing Plaintiff at the offices of his counsel. Finally, Defendant asks that the Court grant it attorneys' fees and costs associated with responding to the purportedly wasteful and unnecessary Motion [66].

Since Defendant has withdrawn its Notice of Deposition, it is **ORDERED** that Plaintiff's Motion for a Stay of Deposition [66] be **DENIED AS MOOT**. Nevertheless, the Court will address the arguments contained in the Motion in order to foreclose the possibility that Plaintiff will file another similar, unnecessary motion in the future.  First, since it appears the parties have conducted either the first or an additional Rule 26(f) conference on December 5, 2011, and since Defendant filed its Initial Disclosures on December 27, 2011, Plaintiff's arguments regarding the timing of those events occurring prior to the deposition being noticed are moot.  The Court notes, however, that Plaintiff's arguments are contradictory: under Rule 26(a)(1)(C), a party must make initial disclosures at or within 14 days *after* the parties' Rule 26(f) conference, and therefore, to the extent Plaintiff contends that a Rule 26(f) conference

had yet to occur *before* Defendant filed the Notice of Deposition, Plaintiff's charge that Defendant had not yet filed its initial disclosures was premature.

Next, Defendant concedes that its deposition of Plaintiff will comply with the time restrictions set out in Rule 30(d)(1) and with the requirement that the deposition be conducted before an Officer appointed or designated under Rule 28, and Defendant states that it will agree to conduct Plaintiff's deposition at the offices of Plaintiff's counsel.  These issues should have been resolved by the parties before any motion was filed, or at the very least, withdrawn by Plaintiff once an amicable resolution was reached.  Plaintiff is strongly cautioned not to involve the Court in future disputes of this nature; to do so is a complete waste of this Court's resources.

In addition, Plaintiff's claim that the scope of Defendant's Notice of Deposition is too broad is without merit.  The Notice of Deposition [63] does not identify any particular matters to be covered in the deposition, but instead states that "[t]his deposition will be taken for the purposes of discovery, use as evidence, and all purposes authorized by the Federal Rules of Civil Procedure."  The Court finds that Plaintiff's requested relief is unfounded, vague, and premature.

In relevant part, Rule 26(b) provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Rule 26(b)(2)(C) provides that, on motion, the court may limit the extent of discovery otherwise allowed under the rules if it determines that the discovery sought is unreasonably cumulative or duplicative or can be obtained in a more convenient manner, the party seeking discovery has already had ample opportunity to obtain the information, or the burden or expense of the proposed discovery outweighs its likely benefit. Further, Rule 26(c) provides a mechanism for parties to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense via protective order, and the provision requires that any motion seeking a protective order must "include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Finally, under Rule 30(d)(3), a deponent or party may, *during a deposition*, move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

Plaintiff has not alleged that the deposition noticed for Charles Goode would be unreasonable, burdensome, cost prohibitive, or should be limited in scope for any

other valid reasons for seeking to limit disclosure.  Further, Plaintiff has not indicated that he has sought to resolve any future conflicts concerning the scope of the deposition by conferring with Defendant about seeking a protective order prior to contacting the Court.  Rather, Plaintiff filed a motion, apparently without first conferring with Defendant's counsel in order to avoid court action, requesting that "the Court . . . limit the scope of Defendants [sic] deposition to one that is reasonable given the simplicity of issues before the Court."  Plaintiff does not indicate about which matters he opposes being questioned, and the Court is at a loss as to how it should impose "additional restrictions" without any guidance.  To the extent there are certain discrete subjects of which Plaintiff objects to discovery, Plaintiff can move for a protective order at the outset of discovery after conferring with Defendant, or in the alternative, Plaintiff can request court action during the course of the deposition. Plaintiff' requested relief is not appropriately sought at this time, and furthermore, is simply too vague to be granted.

Further, Plaintiff's request that the Court order Defendant's counsel to produce written questions to be read at the deposition is not supported by any factual or legal basis.  Plaintiff claims that unrelated, "unconventional acts" of Defendant's counsel related to a "wild unfounded allegation of criminal and unethical conduct" somehow

provide Plaintiff with grounds for making such a request. Plaintiff, however, does not explain why animosity between counsel for the parties entitles Plaintiff to have deposition questions written ahead of time and read to him by the party recording the deposition, nor does Plaintiff provide any authority which would give him that right. While Rule 30(c)(3) provides that the party conducting the deposition may elect to participate through written questions, in no way does that provision permit a deponent to demand that format. Absent extraordinary circumstances, a party noticing a deposition has the right to proceed using traditional methods.

Finally, the Court notes that Plaintiff has claimed that Defendant failed to note the method of recordation in its Notice of Deposition. Although the Notice of Deposition has been withdrawn, and therefore, the Motion for a Stay of Deposition [66] is moot, it appears that this single argument contained in the Motion is valid. The Court, however, is dismayed that Plaintiff thought it appropriate to bring this trivial technical issue to the Court's attention rather than first address the defect with Defendant's counsel. That one of Plaintiff's contentions in the entire Motion [66] is technically valid does not validate Plaintiff's filing it. Plaintiff's and his counsel's filing the largely frivolous and unfounded Motion for a Stay of Deposition [66] and their subsequent failure to withdraw the Motion after Defendant's counsel agreed to

20

postpone the deposition is simply indefensible.  Having **DENIED AS MOOT** the

Motion for a Stay of Deposition [66], **IT IS FURTHER ORDERED** that Defendant

Wings of Alpharetta, Inc.'s request in its Response Brief [69] that it be awarded its

attorneys' fees and costs expended in responding to the Motion be **GRANTED**.

Plaintiff and his attorneys shall be jointly and severally liable for Defendant's

reasonable attorneys' costs and fees associated with responding to the Motion for a

Stay of Deposition [66].  Should Defendant seek to recover such reasonable fees and

costs, **IT IS ORDERED** that it must submit a properly supported motion for

attorneys' fees and costs within 21 days of the date of this Order.  Plaintiff will then

have 14 days in which to respond, and Defendant may then have 14 days to file a

reply brief.

4.     *Motion to Strike Certain Answers*

        Finally, the Court addresses Plaintiff's Motion to Strike Certain Answers [67].

In that Motion [67], Plaintiff requests that the Court strike Defendant's affirmative

defenses contained in paragraphs 1, 2, 3, 4, and 9 and its answers to Plaintiff's

allegations contained in paragraphs 24, 25, 26, and 27.[3]  Plaintiff contends that certain

---

        [3] Plaintiff actually labeled each of those paragraphs "#24," but the Court
assumes that Plaintiff intended to identify paragraphs 24–27.

of Defendant's answers are redundant, nonresponsive, should have been included in the previously filed motion to dismiss, or lack sufficient factual matter.

Defendant responds by noting that Plaintiff's understanding of Rule 12(b), 8(b), 8(c), and 9(c) is flawed and that only the defenses enumerated in Rule 12(b) must be raised in a motion to dismiss, while the nonexaustive list of affirmative defenses outlined in Rule 8(c)(1) are properly raised in an answer. Defendant argues further that Plaintiff's contention that affirmative defenses must be pled with specificity is contrary to the Federal Rules of Civil Procedure. Further, Defendant claims that its ninth affirmative defense, that "Plaintiff's Complaint is barred by failure of condition precedent," properly contests the issue of whether Plaintiff has met the administrative requirements for bringing a Title VII action in federal court. Finally, Defendant responds in detail to Plaintiff's argument that Defendant's denials of paragraphs 6, 7, 8, and 9 of the Amended Complaint are nonresponsive, asserting that its statements, that it is without sufficient information to confirm or deny the allegations, were proper.

On December 23, 2011, Plaintiff filed a document titled "Motion for Leave to file a Motion in Reply to Defendant Patels [sic] Supplemental Rule 11 Motion" [72]. That document, apparently mislabeled, requests that the Court grant Plaintiff leave to

22

file a "reply to Defendant [sic] Motion in Opposition to Plaintiff's Motion to Strike certain Defendants [sic] Answers." Attached to that purported Motion, Plaintiff filed a reply brief. In it, Plaintiff concedes that Defendant's description of the operation of Rules 8(b), 8(c), 9(c), and 12(b) is correct. Plaintiff argues, however, that Defendant's vague denials and affirmative defenses could cause Plaintiff to "be unfairly surprised at trial by any fact claim that Defendant might later proffer." Plaintiff concludes that "[t]his is a case of Plaintiff asking Defendants [sic] what its factual allegations are — no detail necessary, so that Plaintiff can put forth only those meritorious claims and defenses necessary, rather than all those possible based on Plaintiff's pleadings."

Plaintiff filed the same purported Motion two more times [73][74] on December 23, 2011, and the same day also filed an apparent corrected version of that document, with the title "Motion for Leave to File Reply to Defendants [sic] Motion in Opposition to Plaintiff's Motion to Strike Certain Defendant Answers" [75] which contains the same text as the other three documents [72][73][74]. Plaintiff again filed the "corrected" document on December 27, 2011, which the Clerk docketed as a Motion [80], which included an additional copy of Plaintiff's reply brief.

The Court is astounded by Plaintiff's lack of understanding of the Federal Rules of Civil Procedure and the Local Rules of this Court. It appears that Plaintiff intended

to file a brief in reply to Defendant's Response [70] to Plaintiff's Motion to Strike [67].  Inexplicably, Plaintiff refers to Defendant's Response as a "motion." Inexplicably, Plaintiff believes that he needs leave of court to file a reply brief eight days after a response brief was filed by his opponent.  Plaintiff is apparently unaware that under Local Rule 7.1B, "[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion," and that under Local Rule 7.1C, "[a] reply by the movant shall be permitted . . . [,] [and] [w]hen the movant deems it necessary to file a reply brief, the reply must be served not later than fourteen (14) days after service of the responsive pleading."  What the Court assumes is Plaintiff's attempt at a reply brief [72][73][74][75][80] was filed five different times, under two different titles, on December 23, 2011 and December 27, 2011, each styled as a motion for leave to file a reply to "Defendant's Motion in Opposition to Plaintiff's Motion to Strike."  Since Defendant's Response to Plaintiff's Motion to Strike was filed on December 15, 2011, Plaintiff did not need to seek leave of court to file his reply brief either eight or twelve days later.  Thus, what Plaintiff has titled a Motion for Leave [80] is **DENIED**, but the Court will nevertheless consider the arguments included in Plaintiff's reply brief, which was attached to both Docket Nos. 72 and 80.

24

a.      Applicable Law

Rule 8(b) requires that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party."  Further, Rule 8(c) provides a list of affirmative defenses which a party must state in responding to a pleading or else waive them, including estoppel, laches, release, statute of limitations, and waiver.  Unlike the standard for a party commencing a lawsuit under Rule 8(a) which requires a "*showing* that the pleader is entitled to relief," Rule 8(b) and (c) merely direct a party to *state* its denials and affirmative defenses.

Rule 9 provides instruction for litigants pleading "special matters."  Rule 9(c) requires that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."

Rule 12(f) provides that a party may move the Court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike, however, is a drastic remedy which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *See, e.g., Augustus v. Bd. of Public*

*Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962); *NCI Group, Inc. v. Cannon Svcs., Inc.*, No. 1:09–cv–0441–BBM, 2009 WL 2411145, at *20 (N.D. Ga. Aug.4, 2009); *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000).  District courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D.Fla.1976).  Striking an affirmative defense is proper only when the defense is insufficient as a matter of law.  *Id.*  Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense; rather, the pleading need only give fair notice of the defense so that opposing parties may respond, undertake discovery and prepare for trial.  *See, e.g., APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 93061, *1 (M.D.Fla. Jan. 14, 2009).  The fair notice pleading requirement is met if the defendant sufficiently articulates the defense so that the plaintiff is not a victim of unfair surprise.  *See, e.g., Woodfield v. Bowman*, 193 F .3d 354, 362 (5th Cir.1999).

After the Supreme Court held in *Bell Atlantic v. Twombley,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), that Rule 8(a) requires parties initiating a suit to comply with a more stringent pleading standard than mere "notice pleading," district courts have frequently confronted one of the arguments Plaintiff

now makes, that a heightened pleading standard applies to affirmative defenses. Courts that have held that affirmative defenses must be pled in accordance with a heightened standard have generally relied upon two considerations: first, that fairness, common sense, and litigation efficiency require application of the same standard to both complaints and defenses, and thus, the pleading of a defense should provide more than merely the possibility that the defense may exist; and second, that defenses that are simply boilerplate recitations or conclusory allegations clutter the docket and create the need for unnecessary or extended discovery. *See, e.g., Castillo v. Roche Laboratories, Inc.*, No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010). On the other hand, courts that have declined to extend *Twombley* and *Iqbal* to affirmative defenses have noted the difference in the language used in Rule 8(a), (b), and (c), and have held that it is not always necessary to allege the evidentiary facts constituting a defense in order to give fair notice to the plaintiff. *See, e.g., Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).

While the Eleventh Circuit has not yet addressed the issue, it has previously spoken on the pleading standard for affirmative defenses. In *Hassan v. U.S. Postal Service*, 843 F.2d 260, 263 (11th Cir. 1988), the court observed that "[t]he purpose of

27

Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Thus, mere "noncompliance with a technicality" in *Hassan* did not prejudice the plaintiff by denying him notice that an affirmative defense could be raised at trial, nor did it require the trial court to exclude evidence of the defense at trial.

    b.    Analysis

At the outset, the Court notes that Plaintiff "readily concedes that Defenses raised pursuant to F.R.C.P. 12(b) in a Motion to Dismiss are different than Defenses raised pursuant to F.R.C.P. 8(c) in an Answer to a Complaint," but it is unclear which, if any, of Plaintiff's objections to Defendant's affirmative defenses or factual denials he has abandoned. The Court, however, will assume that Plaintiff intends to abandon his objections based on redundancy of arguments between Defendant's Motion to Dismiss and its Answer, and to abandon his argument that Defendant should be precluded from raising the affirmative defense of estoppel since it was not included in Defendant's prior 12(b) motion.

Next, the Court turns to Plaintiff's contention that *Twombley* and *Iqbal* should be extended to require a heightened pleading standard for affirmative defenses.

Though many of the courts that have addressed the issue have held otherwise, this Court finds that affirmative defenses need not be held to a higher standard than the notice pleading standard.  First, the Court notes that there is a key difference between the positions of parties who initiate lawsuits and those that must answer to claims made against them.  *Twombley* and *Iqbal* respond to the issue created by a notice pleading standard that allows a plaintiff to plead bare-bones, implausible allegations and then heap a heavy discovery burden on the other party.  A party responding to a complaint, however, is not imposing an unexpected, uninvited burden on the pleader, since the pleading party must reasonably expect to endure discovery commensurate with the claims he has pled.  Thus, the problem that was arguably corrected by *Twombley* and *Iqbal* is not the same problem that is presented when a defendant offers several bare-bones affirmative defenses in an answer.[4]  Further, upholding the "notice pleading" standard for affirmative defenses seems to this Court to make sense, even after *Twombley* and *Iqbal*, since the party initiating a lawsuit typically has enough knowledge of the suit to be put on notice of what facts underlie a responding party's

---

[4] Indeed, the Court notes that a plaintiff can easily smoke out any questionable affirmative defenses stated by a defendant at the outset of discovery with a written interrogatory inquiring as to the factual grounds for each stated defense.

stated defenses, unlike the party who is served with a lawsuit and may be blind-sided by vague or unsupported allegations.

Second, the Court notes that the language in the Rules addressing the pleading responsibilities of litigants differs in a subtle but important way as between pleaders and respondents. Under Rule 8(a), a pleader is required to *show* the grounds of his entitlement to relief, while under Rule 8(b) and (c), a party responding to a pleading must merely state, in short and plain terms, its defenses and denials. This distinction reflects that a party responding to a pleading put the pleader on notice of what defenses it may introduce at trial, but need not explain in a detailed way the facts supporting that defense.

Third, the Court observes that, in the absence of any new binding precedent, this Circuit's law still requires only that a party responding to a pleading "simply . . . guarantee that the opposing party has notice of any additional issue that may be raised at trial." *Hassan*, 842 F.2d at 263. The fact that the Supreme Court of the United States arguably amended Rule 8(a) in *Twombley* and *Iqbal* does not give this Court license to extend their reasoning to other provisions of the Federal Rules of Civil Procedure. Accordingly, without any new guidance from the Eleventh Circuit, this Court declines to expand the heightened pleading standard introduced in

*Twombley* and *Iqbal* to affirmative defenses.  The Court instead invokes the Eleventh Circuit's prior notice pleading standard, that defendants are not required to set forth detailed facts but must provide fair notice of the defense and the ground upon which it rests.  *See, e.g., Yazici v. Destiny of Davenport Florida, LLC*, No. 8:10-CV-2772-EAK-MAP, 2011 WL 1233128, at *1 (M.D. Fla. Mar. 30, 2011).

As to Plaintiff's specific objections to Defendant's answers and defenses, the Court now addresses them below.

First, Plaintiff objects to Defendant's first affirmative defense that "[t]he Complaint fails to state a claim upon which relief can be granted in whole or in part."  Plaintiff complains that this defense is redundant, because it has already been addressed in Defendant's Motion to Dismiss [30] and that the Court's "revisit[ing] the issue . . . would be a waste of judicial resources."  Plaintiff apparently does not grasp that the Court generally does not visit, nor revisit, any of the defenses or answers stated in Defendant's Answer unless they are brought to the attention of the Court by Plaintiff.  Rather, the pleadings simply guide the parties' discovery and trial preparations, and Defendant may, after the evidence has been gathered and reviewed, move for summary judgment on the ground that the evidence does not support Plaintiff's Title VII allegations.  That the Court did not dismiss Plaintiff's Title VII

31

claim on a 12(b)(6) motion for failing to state a claim does not mean that, after the evidence is in, the Court will permit that claim to go to trial. Accordingly, the Court declines to strike Defendant's first answer.

Second, Plaintiff objects to Defendant's second affirmative defense that "Plaintiff's claims are barred by the doctrines of estoppel, release, and waiver." Plaintiff argues that Defendant has not "articulated even one single fact in support of its claim" of estoppel, release, and waiver, and Plaintiff contends that the Court should strike the second defense "on the grounds that it is either redundant, immaterial, impertinent, or scandalous matter." Though it does not do so under a heightened pleading standard, the Court agrees that Defendant's second defense lacks any supporting facts and even the elements of the defense, and therefore, is insufficient to provide fair notice to Plaintiff of the grounds on which it rests. Moreover, Plaintiff claims in his Motion that he is unaware of the grounds of an estoppel, release, or waiver affirmative defense and seeks not to be surprised by any facts at trial, and Defendant failed to offer any justification for the grounds of the defense in its Response Brief. As such, Defendant's second affirmative defense is **STRICKEN, WITHOUT PREJUDICE** to amend.

Third, Plaintiff objects to Defendant's third affirmative defense that "Plaintiff's claims are barred by the doctrine of unclean hands." Plaintiff argues that a defense of "unclean hands" is tantamount to a claim of fraud, and therefore, must be pled with specificity under Rule 9(b). Plaintiff further maintains that Defendant has failed to state even a "short and plain" statement of the grounds for that affirmative defense but has instead offered "no terms." While the Court disagrees with Plaintiff's contention that pleading the affirmative defense of unclean hands requires particularity under Rule 9(b), the Court agrees that Defendant's third affirmative defense is insufficiently pled to provide Plaintiff with fair notice of the grounds on which the defense rests. *Accord Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338-FtM-99SPC, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006) (applying the notice pleading standard and holding that "defendant's mere assertion of 'Plaintiff's claims are barred in whole or in part by virtue of their own unclean hands' sets forth no facts and is insufficiently plead"). Accordingly, Defendant's third affirmative defense is **STRICKEN, WITHOUT PREJUDICE** to amend.

Fourth, Plaintiff objects to Defendant's fourth affirmative defense that "Plaintiff's Complaint is barred by the doctrine of laches." Plaintiff contends that "Defendants [sic] cite no basis in law or equity for the Court imposing" the equitable

33

remedy of laches. Plaintiff asserts that he filed his claim "within legislative parameters" and that Defendant has not offered even a short and plain statement of the grounds for its affirmative defense of laches. The Court agrees with Plaintiff that Defendant's fourth affirmative defense is insufficient to put Plaintiff on notice of the grounds of the defense. Accordingly, Defendant's fourth affirmative defense is **STRICKEN, WITHOUT PREJUDICE** to amend.

Fifth, Plaintiff objects to Defendant's ninth affirmative defense, that "Plaintiff's Complaint is barred by failure of condition precedent." Plaintiff asserts that Rule 9(c) requires that "[a] denial of performance or occurrence shall be made specifically and with particularity" and argues that "Defendants [sic] failed to allege even one fact in support of this defense." Defendant responds that "at this juncture, it remains unseen as to whether Plaintiff timely complied with the administrative procedures dictated by federal law and the Equal Employment Opportunity Commission." Though Plaintiff wrongly conflates affirmative defenses and denials by claiming that Rule 9(c) imposes a heightened pleading standard on Defendant's affirmative defense, rather than on a denial of Plaintiff's allegation that all conditions precedent have been satisfied, the Court notes that the Eleventh Circuit has addressed both affirmative defenses and denials regarding conditions precedent under the rubric of Rule 9(c) and has provided

some guidance as to the level of specificity required thereunder. *See Myers v. Central Fla. Investments, Inc.*, 592 F.3d 1201 (11th Cir. 2010) (holding that a defendant's statement that "Plaintiff failed to exhaust all administrative remedies and thus cannot obtain relief pursuant to Title VII or the Florida Civil Rights Act, Chapter 760" and that "Plaintiff did not exercise her right to sue or to file her EEOC Complaint within the time prescribed by the statute" were sufficient to deny a pleading of condition precedent, since the "paragraphs state which particular condition precedent they claim Myers failed to fulfill (the EEOC complaint), and the reason for the failure (untimeliness)"). And while the Court agrees with Defendant that, in light of the fact that Plaintiff's only remaining claim is made under Title VII and that the statutory requirements for bringing an employment discrimination claim under Title VII in federal court leave little doubt that Defendant's ninth affirmative defense refers to Plaintiff's potential failure to exhaust his administrative remedies prior to filing this present action, the Court holds that the notice pleading standard requires that Defendant put a bit more meat on the bones of its bare assertion that "Plaintiff's Complaint is barred by failure of condition precedent." That is not to say that Defendant must allege detailed factual matter in support of such an affirmative defense, but only that Defendant must identify, with some particularity, which condition precedent it is that Defendant states Plaintiff failed to fulfill and the reason

35

for the failure.  As such, Defendant's ninth affirmative defense is **STRICKEN, WITHOUT PREJUDICE** to amend.

Finally, Plaintiff objects to Defendant's answers to Plaintiff's enumerated paragraphs 6, 7, 8, and 9, contained in paragraphs 24, 25, 26, and 27 of the Answer, since Plaintiff believes it is not true that Defendant is "without sufficient information to admit or deny his allegations."  Plaintiff also takes issue with Defendant's contention that the written policies contained in the employee manual "speak for themselves" because Plaintiff claims that document is not yet part of the record in this case.

Under Rule 8(b), a party has three options for responding to an allegation: (1) it can admit the allegation; (2) it can deny the allegation; or (3) it can state that it lacks information or knowledge sufficient to form a basis to either admit or deny.  Under a strict reading of Rule 8(b), responses outside those three options, including statements like "the document speaks for itself," constitute admissions.  *See U.S. v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 828 (E.D. Mich. 2010). In addition, before a party asserts lack of knowledge in responding to an allegation, it must make a reasonable effort to determine whether that information is available to it.  *See Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006).

In this case, Defendant asserts that its Answer is owed some leniency considering the "convoluted" nature of Plaintiff's Amended Complaint, which contrary to the requirement under Rule 8(d) that "each allegation be simple, concise and direct," contains rambling allegations poorly divided into long numbered paragraphs.  The Court largely agrees.  Several of the allegations contained in Plaintiff's Amended Complaint paragraphs 6, 7, and 8, are matters that Defendant can be expected to not have sufficient information to admit or deny, and thus, Defendant's answers to those allegations are proper.  For example, Plaintiff's allegation that "Plaintiff continued to report to work timely, but noticed a new unexplained permanent chill in relations with kitchen managers AJ Siska and Kelly Lindberg and also with Manager Greg Dockery who for the remaining days of his employment now barely acknowledged Plaintiff's existence and no longer engaged in the exchange of any pleasantries," *see* Am. Compl. [6] at ¶ 6, is the sort of vague, rambling statement that Defendant would only be able to confirm or deny after conducting extensive depositions and interrogatories during the discovery process, since the subjective perceptions of Plaintiff are not easily ascertained by Defendant prior to filing an answer.  Thus, the Court declines to strike the denials contained in Defendant's answer at paragraphs 24, 25, and 27 in response to of Plaintiff's allegations at paragraphs 6, 7, and 8 of the Amended Complaint.

As to paragraph 27 of Defendant's Answer, which responds to paragraph 9 of Plaintiff's Amended Complaint, the Court finds that Defendant's assertion that it "is without sufficient information to admit or deny" that "Plaintiff timely filed an EEOC complaint for violation of Title VII because of the disparate treatment he received as an African American male in comparison to his white counterparts at Wild Wing Cafe" is improper.  First, the EEOC complaint was produced at the motion to dismiss stage of this litigation, and thus, Defendant had knowledge of its contents at the time it filed its Answer.  And what is more, Defendant's contention in its Response Brief [70] that "upon information and belief, the statements contained in said Paragraph [9] do not correlate with those contained the Plaintiff's EEOC Notice of Charge of Discrimination" is a wholly different stance than its assertion that it is "without sufficient information to admit or deny the allegations contained in Plaintiff's Enumerated Paragraph 9."  Accordingly, paragraph 27 of Defendant's Answer is **STRICKEN, WITHOUT PREJUDICE** to amend.

*6.*    *Conclusion*

In sum, for the reasons stated above, **IT IS ORDERED** that Patel's Motion for Rule 11 Sanctions [52] be **GRANTED,** Plaintiff's Motion for Leave [60] be **DENIED**, Mr. Sharman's Motion to Withdraw as Counsel for Plaintiff [64] be

**GRANTED**, Plaintiff's Motion for a Stay of Deposition [66] be **DENIED AS MOOT**, Plaintiff's Motion to Strike Certain Answers [67] be **GRANTED IN PART, DENIED IN PART**, and Plaintiff's Motion for Leave [80] be **DENIED**.

Defendant's Second, Third, Fourth, and Ninth Affirmative Defenses shall be **STRICKEN, WITHOUT PREJUDICE** to amend.  As well, Paragraph 27 of Defendant's Answer shall be **STRICKEN, WITHOUT PREJUDICE** to amend.

Having **GRANTED** former Defendant Patel's Motion for Rule 11 Sanctions [52], **IT IS FURTHER ORDERED** that Plaintiff and his counsel be sanctioned under Rule 11 for naming Patel as a Defendant in this case without any reasonable basis for holding Patel liable under any of his claims.  Plaintiff and his attorneys shall be jointly and severally liable for Patel's attorneys' fees and costs associated with responding to and defending against Plaintiff's Amended Complaint.  Should Patel seek to recover such reasonable fees and costs, **IT IS ORDERED** that he must submit a properly supported motion for attorneys' fees and costs within 21 days of the date of this Order.  Plaintiff will then have 14 days in which to respond, and Patel may then have 14 days to file a reply brief.

Having **DENIED AS MOOT** Plaintiff's Motion for a Stay of Deposition [66], **IT IS FURTHER ORDERED** that Defendant Wings of Alpharetta, Inc.'s request in its Response Brief [69] that it be awarded its attorneys' fees and costs expended in responding to the Motion be **GRANTED**. Plaintiff and his attorneys shall be jointly and severally liable for Defendant's reasonable attorneys' costs and fees associated with responding to the Motion for a Stay of Deposition [66]. Should Defendant seek to recover such reasonable fees and costs, **IT IS ORDERED** that it must submit a properly supported motion for attorneys' fees and costs within 21 days of the date of this Order. Plaintiff will then have 14 days in which to respond, and Defendant may then have 14 days to file a reply brief.

In addition, the Clerk is **DIRECTED** to update the docket in this action to reflect that Mr. Paul Sharman is no longer counsel of record for Plaintiff.

Finally, the parties are strongly cautioned not to bring any further petty disputes or hypertechnical arguments before the Court without first conferring with one another, and, if they are unable to resolve their differences, by calling the Court. Plaintiff's obvious inexperience with the litigation process and ignorance of or refusal to comply with the rules of this Court are a strain on this Court's limited time and resources, while Defendant's apparent lack of professional courtesy extended to its

struggling opposing counsel further burdens the Court.  This Court will not tolerate a lack of respect between counsel for the parties any more than it will tolerate a lack of respect for the rules of this Court.

      **IT IS SO ORDERED** this 9th day of February, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE
