IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES W. GOODE,

                Plaintiff,

v.

WINGS OF ALPHARETTA, INC.,

                Defendant.

1:11-cv-1337-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("Final R&R") [164] on Wings of Alpharetta's ("Defendant" or "Wings") Motion for Summary Judgment [111], Charles Goode's ("Plaintiff") Motion for Summary Judgment [135], Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment [146], Plaintiff's Motion to Strike the Affidavit of Gregory Dockery [153], Plaintiff's Motion for a Court Order [158], and on Plaintiff's Corrected "Appeal of the Courts Final Report and Recommendation and Order" [sic] [167].

I.   **BACKGROUND**[1]

On or about October 25, 2009, Plaintiff began working as a dishwasher at Wild Wing Café in Alpharetta, Georgia.  Plaintiff was qualified for and performed his job satisfactorily.  Plaintiff also claims that, until two weeks before his termination, he had a good working relationship with his managers.

In May 2010, Plaintiff revealed to a coworker that he was "part African-American."  (Am. Compl. at 7).  Another coworker told Plaintiff that there had subsequently been discussion by unidentified employees about Plaintiff's "true racial identity," apparently because he had "fair complexion," "freckle[s]," "hazel eyes," and an "ash-blond mustache."  (Id.).  Plaintiff reiterated that "he did in fact have some African-American ancestry."  (Id. at 7-8).  After this disclosure, Plaintiff claims that his relationship with his supervisors deteriorated.

On or about May 28, 2010, Plaintiff arrived late to work because he had not noticed that the most recent schedule had moved his shift to earlier in the day.  This tardiness was treated as a "no call, no show," which, according to company policy, was a terminable offense.  (Id. at 9).  Under all the circumstances of Plaintiff's employment conduct, Plaintiff was discharged when he did not show up for work as scheduled.  (Id.).

---

[1] The parties have not objected to the facts set out in the Final R&R and, finding no plain error, the Court adopts them.

Plaintiff states that he "timely filed an EEOC complaint for violation of Title VII because of disparate treatment . . . ." (Id. at 11). Plaintiff claims that three white employees were not fired for similar "no call, no show" offenses: a kitchen manager, A.J. Siska, was demoted and transferred; a dishwasher, Dylan Fracek, was given a warning; and a third employee, Jennifer Gerster, was given a warning. (Id. at 9-10).

Plaintiff also alleges his supervisors retaliated against him for filing his complaint with the EEOC by "wrongly oppos[ing] Plaintiff's unemployment claim and as a result Plaintiff did not receive unemployment benefits." (Id. at 11).

On April 26, 2011, Plaintiff filed his original Complaint against "Wild Wing Café, d/b/a Tapps Two LLC" ("Tapps Two"). Plaintiff alleged that the conduct of his supervisors at Wild Wing Café violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981. The Complaint contained a Motion for Conditional Class Certification to certify a class of similarly situated employees for a collective action under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq.

On May 18, 2011, Plaintiff amended his Complaint to add six additional Defendants: Wendy Tapp, Dean Tapp, Wings of Alpharetta, Inc., Greg Dockery, Vipul Patel, and "other John Doe(s) owners." (Id. at 1). The Amended Complaint

3

alleges violations of Title VII; 42 U.S.C. § 1981; the FLSA; and O.C.G.A. § 34-7-2.

Plaintiff also alleges that Wings "regularly alters, redacts, and under reports [sic] hours worked by its non-exempt hourly employees to avoid payment of regular and overtime" wages. (Id. at 12). The Amended Complaint also included the same Motion for Conditional Class Certification that was in the original Complaint. (Id. at 13).

On June 22, 2011, Dockery moved to dismiss this action for failure to state a claim upon which relief could be granted. On July 21, 2011, Plaintiff voluntarily dismissed Tapps Two, Wendy Tapp, and Dean Tapp. On July 25, 2011, Dockery moved to strike the Motion for Conditional Class Certification from the Amended Complaint on the grounds that Plaintiff had failed to show: (1) that other employees were similarly situated; (2) that similarly situated employees wished to join his suit; and, (3) that Plaintiff had violated the Local Rules for submitting motions by including it within the body of his Amended Complaint. On August 2, and August 3, 2011, respectively, Wings and Patel filed their own motions to dismiss.

On September 13, 2011, the Magistrate Judge issued his Non-Final R&R. The Magistrate Judge recommended that: (1) Dockery's Motion to Strike [25] be

granted and the Motion for Conditional Class Certification [6] be stricken; (2) Plaintiff's Title VII and § 1981 claims against all Defendants, except Wings, be dismissed with prejudice; (3) the FLSA claims against all Defendants be dismissed without prejudice; (4) the state law nonpayment of wages claims be dismissed with prejudice as to Dockery, and without prejudice as to all other Defendants. (Non-Final R&R at 31). The Magistrate Judge concluded that the only claims that should remain were Plaintiff's Title VII and § 1981 claims against Wings. (Id. at 31-32).

On November 4, 2011, the Court reviewed the findings and recommendations in the Non-Final R&R and concluded plain error was not committed in reaching them. The Court dismissed all claims except for Plaintiff's Title VII and § 1981 claims against Wings and struck Plaintiff's Motion for Conditional Class Certification. (Order of Nov. 4, 2011, at 6-7).

On January 18, 2013, after discovery was completed and the parties filed numerous motions, the Magistrate Judge issued his Final R&R. The Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted because Plaintiff is unable to satisfy his burden of proof in demonstrating discrimination under Title VII by direct or circumstantial evidence. (Final R&R at 2). The Magistrate Judge concluded that Plaintiff was unable to satisfy his burden

5

of showing the fourth element of his *prima facie* case, disparate treatment or some other evidence of discriminatory intent, under the McDonnell Douglas burden-shifting framework for a Title VII claim. (Id. at 22). The Magistrate Judge found no disparate treatment because Plaintiff's replacement was African-American, as were the two other dishwashers who were hired after his replacement, and the conduct and circumstances of non-protected class employees, Caucasians, who were not fired for being a "no call / no show" were not nearly identical to those of Plaintiff. (Id. at 22-30).

The Magistrate Judge also found that Plaintiff's proffered proof of discriminatory statements by decision makers were insufficient to show discriminatory intent because they did not relate to the decision to fire Plaintiff for not showing up at work or any other employment decisions. (Id. at 30-34). The Magistrate Judge further found that summary judgment should be granted to Defendant because Plaintiff has not pointed to any evidence to rebut Defendant's claim that it terminated Plaintiff for the legitimate, non-discriminatory reason that he failed to show up for work or call in to explain why he was unable to come in. (Id. at 34-40).

Because Plaintiff's Section 1981 claim involves the same elements as his Title VII claim, the Magistrate Judge also recommended that summary judgment

6

be granted for Defendant on the remaining claim.  (Id. at 40).  The Magistrate Judge further recommended that Plaintiff's other various motions all be denied. (Id. at 41-48).

On February 4, 2013, Plaintiff filed his "(Corrected) Plaintiff's Appeal of the Court's Final Report and Recommendation and Order" [167] ("Objections"). Although styled as an "Appeal," the Court presumes that Plaintiff intended his filing to constitute his objections to the Final R&R.  Plaintiff offers three objections to the Final R&R: (1) the Magistrate Judge erred by failing to examine Plaintiff's comparators in detail; (2) the Magistrate Judge erred because "[a]n employer may violate Title VII if it takes action against an employee because of the employee's association with a person of another race;" and, (3) the Magistrate Judge applied the wrong legal standard to the analysis of Plaintiff's claims because Plaintiff was not required to show that he was not replaced by a non-African American.  (Pl.'s Objections at 6-20).

**II.   DISCUSSION**

   A.   Standard of review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Plaintiff's Objections

        *1.*    *Plaintiff's First Objection*

Plaintiff conclusorily states that the Court failed to examine his comparators in detail to determine if they were similarly-situated in all relevant respects. (Pl.'s Objections at 5-9). Plaintiff's first objection is meritless because the Magistrate Judge evaluated Plaintiff's comparators in detail and made an assessment of whether they supported his claim of disparate treatment. (Final R&R at 23-30). If Plaintiff asserts that the Court was required to examine, as comparators, the

persons Defendant identified as examples of employees who were fired for being a "no call / no show," the Magistrate Judge explicitly stated that he did not rely upon the persons identified by Defendant in making his conclusions and recommendations regarding Plaintiff's claims because a "list of non-exclusive 'examples' does not supply the Court with enough information" to consider those persons as comparators. (Id. at 30 n.5). The Court finds that none of the persons identified as comparators by Plaintiff are similarly-situated to him in all relevant respects such that disparate treatment of Plaintiff has been shown. See Stone & Webster Constr. v. U.S. Dep't of Labor, 684 F.3d 1127, 1135 (11th Cir. 2012); Brown v. Jacobs Eng'g, Inc., 401 F. App'x 478, 480 (11th Cir. 2010); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316-17 (11th Cir. 2003). Plaintiff's first objection is overruled.

    2.    *Plaintiff's Second Objection*

Plaintiff next claims that "[a]n employer may violate Title VII if it takes action against an employee because of the employee's association with a person of another race." (Pl.'s Objections at 10). This objection is unfounded. Plaintiff's Title VII claim was based on his alleged discharge for discriminatory reasons based on his race. The Magistrate Judge properly analyzed Plaintiff's claim as a Title VII claim based on racial discrimination and determined that he did not

9

establish a *prima facie* case under the McDonnell Douglas burden-shifting framework and found that Plaintiff was discharged for legitimate, non-discriminatory reasons. (Final R&R at 34, 40). Even if Plaintiff's Title VII claim was based on Defendant's disapproval "of interracial association"—which it was not—Plaintiff's second objection does not challenge the conclusions and recommendations of the Magistrate Judge, and for all these reasons Plaintiff's second objection is overruled.[2]

### 3. *Plaintiff's Third Objection*

In Plaintiff's third objection, he asserts that the Magistrate Judge applied the wrong legal standard to the analysis of Plaintiff's claims because Plaintiff was not required to show that he was not replaced by a non-African American. (Pl.'s Objections at 10-20). Plaintiff's objection is without merit. The Magistrate Judge evaluated Plaintiff's claims by applying the correct standard of law under the McDonnell Douglas framework. (Final R&R at 17-21). The Magistrate Judge did not require Plaintiff to show that he was "replaced by a non-African American" to

---

[2] Plaintiff did not object to the Magistrate Judge's conclusion that Plaintiff's termination was motivated by legitimate, non-discriminatory reasons and was not a pretext for a discriminatory adverse employment action. (Final R&R at 40). The Court finds that the Magistrate Judge did not plainly err and this conclusion is adopted by the Court. Thus, even assuming Plaintiff made out a *prima facie* case of discrimination under a racial discrimination or "interracial association" theory, he is unable to prevail on his Title VII or Section 1981 claims and summary judgment for Defendant is appropriate.

establish a *prima facie* case of discrimination. (Id. at 21-22). The Magistrate Judge stated: "[n]otably, Plaintiff was not terminated in favor of a non-African American hire," and conducted his analysis of Plaintiff's claim by assessing whether Plaintiff had shown disparate treatment or some other evidence of discriminatory intent in making his *prima facie* case. (Id. at 22-34). The Court finds the Magistrate Judge did not require Plaintiff, to make his *prima facie* case, to show he was replaced by a non-African American. The Magistrate Judge correctly evaluated Plaintiff's Title VII racial discrimination claim, and Plaintiff's third objection is overruled.

### III.  CONCLUSION

Having conducted its *de novo* review, the Court determines that the Magistrate Judge did not plainly err in his findings and recommendations. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [167] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final R&R [164] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [111] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Affidavit of Gregory Dockery [153] and Motion for a Court Order [158] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [135] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment [146] is **DENIED AS MOOT**.

**SO ORDERED** this 13th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE