IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES W. GOODE,

    Plaintiff,

v.

WINGS OF ALPHARETTA, INC.,

    Defendant.

1:11-cv-1337-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Wings of Alpharetta, Inc. ("Defendant" or "Wings")'s Motion for Attorney's Fees [173] and on Plaintiff Charles W. Goode ("Plaintiff" or "Goode")'s Motion for Relief from Final Judgment [183], Motion to Stay Execution of Writ [180], Motion for Oral Argument [187], Motion for Reconsideration [189], Motion for Oral Argument [193], and Motion to Stay Discovery [196].

**I.   BACKGROUND**

    A.   Procedural History

On April 26, 2011, Plaintiff filed this action asserting claims against Wings for unlawful racial discrimination pursuant to Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981. Plaintiff had been working as a dishwasher at Defendant's café in Alpharetta, Georgia, but was terminated on May 28, 2010, when he did not arrive for work as scheduled. Plaintiff asserted that he had been fired because he had recently revealed to his co-workers that he was part Black.

On January 18, 2013, after discovery had been completed, the Magistrate Judge issued a Final Report and Recommendation ("R&R"), and concluded that Plaintiff did not satisfy his burden of showing disparate treatment or some other evidence of discriminatory intent under the McDonnell Douglas burden-shifting framework for a Title VII claim.[1] The Magistrate Judge found no disparate treatment because Plaintiff's replacement was Black, as were the two other dishwashers who were later hired. On March 13, 2013, the court overruled Plaintiff's objections to the Magistrate Judge's findings, and granted summary judgment in favor of Wings. On March 27, 2013, Wings submitted its bill of costs, totaling $2,170.87, and on April 15, 2013, the Clerk taxed this amount against Plaintiff.

Wings now moves, pursuant to 28 U.S.C. § 1927, for attorneys' fees, costs, and expenses it incurred in responding to Plaintiff's motion for summary judgment

---

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

and two other motions that Plaintiff filed, arguing that these three untimely filings were improper and unnecessarily and unreasonably multiplied the proceedings in this action.  Wings seeks an award totaling $4,243.25.  In response, Plaintiff filed four opposing briefs, three of which were untimely, and one of which was filed after Defendant had filed its reply.  Plaintiff's opposition filings total 278 pages.

Plaintiff also moves, in two separate motions, for reconsideration of the Court's March 13, 2013, order granting judgment in favor of Wings.  Plaintiff further moves to stay the post-judgment discovery that Wings initiated to recover its costs, and to "stay" the writ of execution that Wings filed.  Finally, Plaintiff twice moved for oral argument on its previous motions.

## II. DISCUSSION

### A. Attorneys' Fees

Wings asserts that it is entitled to recover the attorneys' fees it incurred responding to Plaintiff's August 17, 2012, motion for summary judgment, to Plaintiff's September 11, 2012, motion to strike the affidavit of Gregory Dockery, and to Plaintiff's September 27, 2012, motion for an order to obtain records from the Department of Labor.

1.   *Standard for awarding attorneys' fees*

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To justify sanctions, the Court must find that three conditions apply:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1261-62 (11th Cir. 2007) (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). "[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007).

2.  *Plaintiff's summary judgment motion*

Plaintiff untimely filed his motion for summary judgment on August 17, 2012.[2]  Plaintiff's motion failed to include the required "separate, concise, numbered statement of material facts to which the movant contends there is no genuine issue to be tried."  LR 56.1(B), NDGa.  Wings argues that Plaintiff did not make a genuine attempt to demonstrate a factual and legal basis supporting entitlement to summary judgment, but instead presented only a "hodgepodge of various allegations and attachments which were filed with the court over a span of twelve hours," and therefore unreasonably multiplied the proceedings with an incoherent motion that did not seriously address dispositive issues in the case.  (Def.'s Reply Br. at 2.)  The Magistrate Judge noted that Plaintiff's summary judgment motion failed to comply with the local rules, and failed to present the Court with facts and arguments useful to the disposition of this case:

> Plaintiff's Motion for Summary Judgment fails to comply with Local Rule 56.1 because it does not include a Statement of Material Facts.  Plaintiff filed 24 evidentiary exhibits with his Motion totaling 79 pages.  Plaintiff's Brief cites vaguely to these exhibits through footnotes, but does not point the Court to specific sections of the exhibits in question.  … [T]hese omissions are not technical faults but, rather, procedurally-fatal violations of the Local Rules.

---

[2] Motions for summary judgment were required to be filed on or before July 16, 2012.  (See March 13, 2012, Order.)

(January 18, 2013, R&R at 41.)

In response to Wings' request for attorneys' fees, Plaintiff filed *four* responses.  Local Rule 7.1B provides that responses in opposition to motions shall be filed within fourteen days of service of the motion.  Only one of Plaintiff's responses met the required deadline.  In each of Plaintiff's responses, Plaintiff fails to squarely address Wings' claim for attorneys' fees, deciding instead to present additional allegations against Wings, including failing to provide certain discovery, fabricating evidence, and perpetrating fraud upon the court.  One of Plaintiff's filings is entitled "What Plaintiff Knew After Discovery," and purports to be a list – without any record citations – of "facts" that Plaintiff wanted the Court to consider in ruling on the motions for summary judgment.  Plaintiff's counsel seems unburdened by the professional obligation not to use a response to a motion for attorneys' fees as an opportunity to re-litigate the merits of Plaintiff's case or to assert new theories of liability.[3]  Plaintiff's response to a motion contending that he unnecessarily and vexatiously multiplied these proceedings is to further unnecessarily and vexatiously multiply these proceedings by filing over 250 pages

---

[3] In Plaintiff's May 3, 2013, response, entitled "Plaintiff's Further Reply In Opposition to Defendant's Motion for Attorney's Fees," Plaintiff discusses the "Cat's Paw" theory of liability in a discrimination case, and provides another list of "facts" that allegedly support the application of this theory in Plaintiff's case.  A third list of "facts" is included at the end of this same filing.

of material, almost none of which proved useful to the Court, and all in excess of the 25-page limitation on responsive filings. See LR 7.1D, NDGa.

The Court finds that Plaintiff's untimely motion for summary judgment, which failed to comply with the Federal Rules of Civil Procedure and with the local rules of court, was so lacking in legal or probative value that no reasonable attorney would have filed it. Filing such a motion was vexatious, and unnecessarily expanded these proceedings. The Court concludes that Wings is entitled to its reasonable attorneys' fees incurred in responding to Plaintiff's improper summary judgment motion.

### 3. *Plaintiff's motion to strike*

Plaintiff's September 11, 2012, motion to strike the affidavit of Gregory Dockery, was also untimely because it was filed eighty-eight (88) days after discovery had closed and fifty-seven (57) days after the deadline to file dispositive motions.[4] In the R&R, the Magistrate Judge described Plaintiff's motion to strike as "poorly written and difficult to comprehend." (R&R at 43.) The Magistrate Judge also noted that:

---

[4] The Court denied this motion in its March 13, 2013, order that granted judgment in favor of Wings.

7

> Plaintiff seeks relief under Fed. R. Civ. P. 37. ... The Eleventh Circuit has stated that a party may not obtain sanctions under Rule 37 before first securing a discovery order. See U.S. v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997); see also 7 Moore's Federal Practice, § 37.42[1] (Matthew Bender 3d Ed.) … Plaintiff, however, neither sought nor obtained such an order through, for example, a motion to compel. . . . Plaintiff fails to provide the court with a sufficient basis upon which to grant the relief he requests. . . . [T]he Court has reviewed the testimony about which Plaintiff complains and it is clearly not hearsay. . . . Plaintiff's statement otherwise betrays a lack of understanding of what constitutes hearsay under the Federal Rules of Evidence, Fed. R. Evid. 801, et seq.

(Id. at 43 – 47.)  Plaintiff's motion to strike was untimely, improper, and frivolous. No reasonable attorney would have filed such a procedurally improper and legally baseless motion.  The Court finds that by filing his motion to strike, Plaintiff unreasonably multiplied these proceedings, and that Wings is entitled to recover the attorneys' fees it incurred in responding to Plaintiff's motion.

### 4.    *Plaintiff's motion for labor records*

Plaintiff's motion for an order to obtain records from the Department of Labor was filed on September 27, 2012, or 104 days after discovery closed and seventy-three (73) days after the deadline for dispositive motions.[5] Wings argues that if Plaintiff believed he did not obtain the discovery to which he was entitled,

---

[5] The Court denied this motion in its March 13, 2013, order that granted judgment in favor of Wings.

he should have, during the discovery period, filed a motion to compel or requested a telephone conference with the Court.  Instead, Plaintiff elected to wait until after dispositive motions had been filed to move for additional records.  Plaintiff offers no justification or excuse for his extraordinary delay.

The Court finds that Plaintiff's motion for additional discovery was so untimely as to be objectively unreasonable, and that it unnecessarily multiplied the proceedings.  Wings' is entitled to recover the attorneys' fees it incurred responding to Plaintiff's motion.

Having concluded that Wings is entitled to an award of attorneys' fees incurred in responding to Plaintiff's motion for summary judgment, motion to strike, and motion for labor records, the Court must next determine whether the award requested by Wings is reasonable.  "[T]he dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"  Hudson, 499 F.3d at 1261-62.  Wings has requested an award of $4,243.25, and has submitted an affidavit and billing records in support of its request.  The Court finds Wings requested award to be reasonable.  At a rate of $185 an hour, Wings' attorneys spent approximately twenty-three (23) hours reviewing, researching, and drafting response to three of Plaintiff's motions, one of

which was for summary judgment.  The Court finds both the hourly rate and the time spent to be reasonable and, under the circumstances, consistent with hourly rate in this market for legal services and that the services performed were reasonable and justified.  The Court concludes that Wings' is entitled to an award of attorneys' fees in the amount of $4,243.25.

      B.    <u>Motions for Reconsideration</u>

Plaintiff filed two motions that essentially ask the Court to reconsider and vacate its March 13, 2013, Order which granted summary judgment in favor of Wings.  Plaintiff's first motion seeks relief under Federal Rule of Civil Procedure 60(b)(3), which provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…(3) fraud …, misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(3).  Plaintiff rehashes the same fraud and misconduct allegations that he raised – and which were rejected – by the Court when Plaintiff's motion for summary judgment was denied.  Plaintiff again attempts to inject new "facts" into this litigation.  As discussed above, Plaintiff had every opportunity to provide a statement of undisputed facts, *with record citations*, in his summary judgment motion, but inexcusably elected not to do so.  In his motion for relief

from judgment, Plaintiff simply asserts unsubstantiated accusations. Plaintiff does not provide the Court with any basis to grant relief under Rule 60, and Plaintiff's motion is required to be denied.

Plaintiff also filed a motion for reconsideration. Local Rule 7.2E requires that motions for reconsideration – which are not to be filed as a matter of routine practice – be filed within twenty-eight (28) days after entry of an order or judgment. LR 7.2E, NDGa. Plaintiff's motion for reconsideration was filed on May 7, 2013, is untimely, and is required to be denied.[6]

### C. Motion to Stay Discovery and to Stay Writ of Execution

After judgment in this case was entered in favor of Wings, the Clerk of Court taxed Plaintiff for Wings' costs, which totaled $2,170.87, and which have not been paid by Plaintiff. On May 1, 2013, Wings served Plaintiff with post-judgment discovery requests seeking information necessary to exercise its rights as a judgment-creditor. Plaintiff's responses to these discovery requests were due on or before June 3, 2013. Plaintiff's litigation strategy was to stay discovery pending the resolution of his motion for relief from judgment. On April 18, 2013, Wings

---

[6] In addition, Plaintiff's motion raises the same arguments as Plaintiff's motion under Rule 60; indeed, it requests relief pursuant to Rule 60(b)(3). The Court finds that Plaintiff's duplicative motion is without merit, and on that basis also it is denied.

filed its Writ of Execution, preserving its rights as a judgment-creditor. That same day, Plaintiff moved to "stay the execution of a writ."

The Court has denied Plaintiff's motions for relief from judgment and for reconsideration and, accordingly, Plaintiff's motion to stay post-judgment discovery and motion to "stay the execution" are denied as moot. Plaintiff shall properly respond to Wings' discovery requests on or before October 18, 2013.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wings of Alpharetta, Inc.'s Motion for Attorney's Fees [173] is **GRANTED** and Wings of Alpharetta, Inc. is awarded $4,243.25 in attorneys' fees pursuant to 28 U.S.C. § 1927.

**IT IS FURTHER ORDERED** that Plaintiff Charles W. Goode's Motion for Relief from Final Judgment [183] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Execution of Writ [180] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument [187] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [189] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument [193] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Discovery [196] is **DENIED AS MOOT**.  Plaintiff shall properly respond to Wings' discovery requests on or before October 18, 2013.

**SO ORDERED** this 9th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE